ELDA LUNA SIDHU
General Counsel
Nevada Bar No. 7799
SCOTT D. FLEMING
Assistant General Counsel
Nevada Bar No. 5638
J. MARTY HOWARD
Assistant General Counsel
Nevada Bar No. 1052
UNIVERSITY OF NEVADA, LAS VEGAS
4505 S. Maryland Parkway, Box 451085
Las Vegas, Nevada  89154-1085
Telephone:  (702) 895-5185
Facsimile:  (702) 895-5299
*Attorneys for Defendants the State*
*of Nevada ex rel. Board of Regents of*
*the Nevada System of Higher Education,*
*on behalf of the University of Nevada,*
*Las Vegas and Vernon Hodge*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SUJANIE V.S.V. GAMAGE aka SUJANIE GAMAGE SAMARASEK,<br><br>          Plaintiff,<br><br>vs.<br><br>THE STATE OF NEVADA ex rel. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of THE UNIVERSITY OF NEVADA, LAS VEGAS; a Political Subdivision of the State of Nevada; VERNON HODGE, individually and in his official capacity as an employee of the University of Nevada, Las Vegas; and DOES I-XX inclusive,<br><br>          Defendants. | CASE NO.<br><br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTION 1441 – FEDERAL QUESTION** |

**TO:     THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendants, The State of Nevada ex rel., its Board of

Regents of the Nevada System of Higher Education, on behalf of the University of Nevada, Las

Vegas ("UNLV") and Vernon Hodge, individually and in his official capacity ("Hodge" and

1  collectively "Defendants") hereby remove the state court action described below to the United
2  States District Court for the District of Nevada.  In support of this removal, Defendants state the
3  following:

4       1.  Defendants have been named as parties in a case commenced by Sujanie Gamage
5  Samarasek ("Plaintiff") on December 16, 2011 in the Eighth Judicial District Court for the State of
6  Nevada identified by Case No. A-11-653304-C (the "State Court Action").  A true and correct
7  copy of the *Complaint* filed in the State Court Action is attached as **Exhibit A.**

8       2.  Plaintiff alleges in her complaint she is a student at the University of Nevada
9  Las Vegas and was falsely accused of plagiarizing.  Plaintiff alleges she subsequently
10  attended a hearing before the Academic Integrity Appeal Panel where it was recommended
11  she be removed from the Chemistry Ph.D. program.  She alleges in part her U.S.
12  Constitutional rights were violated.  Plaintiff specifically alleges in her Sixth Cause of
13  Action her civil rights have been violated and alleges a due process violation pursuant to
14  the 5th and 14th Amendment to the United States Constitution.  Plaintiff has alleged other
15  state cases of action.

16       3.  On February 2, 2012 and February 13, 2012, undersigned counsel accepted service of
17  the Summons and Complaint in the State Court Action on behalf of UNLV.  True and correct
18  copies of the Affidavits of Service are attached as **Exhibit B and C**.  Pursuant to NRS
19  41.031(a)(b), service of the Summons and Complaint on UNLV must be served on the Attorney
20  General's office in Carson City <u>and</u> the Chancellor.  On February 22, 2012, undersigned counsel
21  accepted service of process of the Summons and Complaint on behalf of Defendant Hodge.  A true
22  and correct copy of the Acceptance of Service of Process is attached as **Exhibit D.**  Therefore, all
23  named defendants join in this Notice of Removal.

24       4.  No other proceedings have taken place in the State Court Action.

25       5.  Defendants respectfully submit that this Court has original  jurisdiction over the subject
26  matter of this action under the provisions of 28 U.S.C. § 1331 in that this is an action arising under
27  federal statute and/or the United States Constitution.  Therefore, pursuant to 28 U.S.C. § 1441 (a)-
28  (b) the Defendants are entitled to remove this action to this Court.  Additionally, this Honorable

1   Court has jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1441(c); 28 U.S.C.

2   § 1367.

3       6.   This Court is the proper venue based upon the allegations within Plaintiff's complaint

4   pursuant to 28 U.S.C. § 1441(a), which provides, in pertinent part, the following:

> Except as otherwise expressly provided by Act of Congress, any
> civil action brought in a State court of which the district courts of
> the United States have original jurisdiction, may be removed by
> the defendant or the defendants, to the district court of the United
> States for the district and division embracing the place where such
> action is pending.

    7.   A copy of this Notice of Removal will be filed in the state court action.

    8.   This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

    9.   A true and correct copy of this Notice of Removal will be filed in the State Court
action.

    Based upon the foregoing, Defendants remove the attached action, to this Court.

    DATED: February 22nd, 2012.

                                 _J.M.H._

                           ELDA LUNA SIDHU
                           General Counsel
                           Nevada Bar No. 7799
                           SCOTT D. FLEMING
                           Assistant General Counsel
                           Nevada Bar No. 5638
                           J. MARTY HOWARD
                           Assistant General Counsel
                           Nevada Bar No. 1052
                           UNIVERSITY OF NEVADA, LAS VEGAS
                           4505 South Maryland Parkway, Box 451085
                           Las Vegas, Nevada  89154-1085
                           *Attorneys for Defendants the State
                           of Nevada ex rel. Board of Regents of
                           the Nevada System of Higher Education,
                           on behalf of the University of Nevada,
                           Las Vegas and Vernon Hodge*

## CERTIFICATE OF MAILING

I certify that on this date, February 22, 2012, I mailed a copy of the foregoing **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTION 1441 – FEDERAL QUESTION** via first class mail, postage pre-paid to the following:

Jason J. Bach, Esq.
Nevada Bar No. 7984
Michael L. Mascarello, Esq.
Nevada Bar No. 10673
THE BACH LAW FIRM, LLC
6053 S. Fort Apache Rd., Suite 130
Las Vegas, Nevada 89148
Telephone: (702) 925-8787
Facsimile: (702) 925-8788
*Attorneys for Plaintiff*

An employee of the Office of General Counsel
University of Nevada, Las Vegas

# EXHIBIT A

CIVIL COVER SHEET

A-11-653304-C

Clark County, Nevada

Case No. _____
*(Assigned by Clerk's Office)*

XXVI- XXXII

## I. Party Information

| | |
|---|---|
| Plaintiff(s) (name/address/phone): SUJANIE V.S.V. GAMAGE aka SUJANIE GAMAGE SAMARASEK | Defendant(s) (name/address/phone): THE STATE OF NEVADA, ex rel BOARD OF REGENTS OF THE NEVADA SYSTEM OFHIGHER EDUCATION, on behalf of the UNIVERSITY OF NEVADA, LAS VEGAS; VERNON HODGE; DOES I-XX |
| Attorney (name/address/phone):<br><br>Jason J. Bach and Michael L. Mascarello of The Bach Law Firm, LLC, 6053 South Apache Road, Suite 130, Las Vegas, NV 89148 (702) 925-8787 | Attorney (name/address/phone): |

## II. Nature of Controversy (Please check applicable bold category and applicable subcategory, if appropriate)

☐ **Arbitration Requested**

### Civil Cases

| Real Property | Torts | |
|---|---|---|
| ☐ **Landlord/Tenant**<br>  ☐ Unlawful Detainer<br>☐ **Title to Property**<br>  ☐ Foreclosure<br>  ☐ Liens<br>  ☐ Quiet Title<br>  ☐ Specific Performance<br>☐ **Condemnation/Eminent Domain**<br>☐ **Other Real Property**<br>  ☐ Partition<br>  ☐ Planning/Zoning | **Negligence**<br>☐ Negligence – Auto<br>☐ Negligence – Medical/Dental<br>☐ Negligence – Premises Liability<br>    (Slip/Fall)<br>☐ Negligence – Other | ☐ **Product Liability**<br>  ☐ Product Liability/Motor Vehicle<br>  ☐ Other Torts/Product Liability<br>☐ **Intentional Misconduct**<br>  ☐ Torts/Defamation (Libel/Slander)<br>  ☐ Interfere with Contract Rights<br>☐ **Employment Torts** (Wrongful termination)<br>☐ **Other Torts**<br>  ☐ Anti-trust<br>  ☐ Fraud/Misrepresentation<br>  ☐ Insurance<br>  ☐ Legal Tort<br>  ☐ Unfair Competition |
| **Probate** | **Other Civil Filing Types** | |
| **Estimated Estate Value:** _____<br>☐ **Summary Administration**<br>☐ **General Administration**<br>☐ **Special Administration**<br>☐ **Set Aside Estates**<br>☐ **Trust/Conservatorships**<br>  ☐ Individual Trustee<br>  ☐ Corporate Trustee<br>☐ **Other Probate** | ☐ **Construction Defect**<br>  ☐ Chapter 40<br>  ☐ General<br>☒ **Breach of Contract**<br>  ☐ Building & Construction<br>  ☐ Insurance Carrier<br>  ☐ Commercial Instrument<br>  ☒ Other Contracts/Acct/Judgment<br>  ☐ Collection of Actions<br>  ☐ Employment Contract<br>  ☐ Guarantee<br>  ☐ Sale Contract<br>  ☐ Uniform Commercial Code<br>☐ **Civil Petition for Judicial Review**<br>  ☐ Foreclosure Mediation<br>  ☐ Other Administrative Law<br>  ☐ Department of Motor Vehicles<br>  ☐ Worker's Compensation Appeal | ☐ **Appeal from Lower Court** *(also check applicable civil case box)*<br>  ☐ Transfer from Justice Court<br>  ☐ Justice Court Civil Appeal<br>☐ **Civil Writ**<br>  ☐ Other Special Proceeding<br>☐ **Other Civil Filing**<br>  ☐ Compromise of Minor's Claim<br>  ☐ Conversion of Property<br>  ☐ Damage to Property<br>  ☐ Employment Security<br>  ☐ Enforcement of Judgment<br>  ☐ Foreign Judgment – Civil<br>  ☐ Other Personal Property<br>  ☐ Recovery of Property<br>  ☐ Stockholder Suit<br>  ☐ Other Civil Matters |

## III. Business Court Requested (Please check applicable category; for Clark or Washoe Counties only.)

| | | |
|---|---|---|
| ☐ NRS Chapters 78-88<br>☐ Commodities (NRS 90)<br>☐ Securities (NRS 90) | ☐ Investments (NRS 104 Art. 8)<br>☐ Deceptive Trade Practices (NRS 598)<br>☐ Trademarks (NRS 600A) | ☐ Enhanced Case Mgmt/Business<br>☐ Other Business Court Matters |

| | |
|---|---|
| 12/16/2011 | |
| Date | Signature of initiating party or representative |

*See other side for family-related case filings.*

      

Electronically Filed
12/16/2011 09:45:09 AM

**CLERK OF THE COURT**

1  COMP
   JASON J. BACH, ESQ.
2  Nevada Bar No. 7984
   MICHAEL L. MASCARELLO, ESQ.
3  Nevada Bar No. 10673
   THE BACH LAW FIRM, LLC
4  6053 S. Fort Apache Rd., Suite 130
   Las Vegas, NV 89148
5  Tel: (702) 925-8787
   Fax: (702) 925-8788
6  Attorneys for Plaintiff

7

8                    **DISTRICT COURT**

9              **CLARK COUNTY, NEVADA**

10                     * * * * *

11  SUJANIE V.S.V. GAMAGE aka SUJANIE       )
    GAMAGE SAMARASEK                         )
12                                           )    A-11-653304-C
              Plaintiff,                      )
13                                           )    CASE NO.:
         v.                                   )    DEPT NO.: XXXII
14                                           )
    THE STATE OF NEVADA, ex. Rel. BOARD      )
15  OF REGENTS OF THE NEVADA SYSTEM OF       )
    HIGHER EDUCATION, on behalf of the       )
16  UNIVERSITY OF NEVADA, LAS VEGAS;         )
    a Political Subdivision of the State of Nevada; )  **EXEMPT FROM ARBITRATION**
17  VERNON HODGE, individually and in his official )  **Action in equity**
    capacity as an employee of the University of )
18  Nevada, Las Vegas; and DOES I-XX          )
    inclusive,                                )
19                                           )
              Defendants.                     )
20  _____ )

21                    **COMPLAINT**

22         COMES NOW, Plaintiff, SUJANIE V.S.V. GAMAGE (hereinafter referred to as "Plaintiff"),

23  by and through her attorneys of record, Jason J. Bach, Esq. and Michael L. Mascarello, Esq. of The

24  Bach Law Firm, LLC, and hereby complains and alleges against the above-named Defendants, and

25  each of them, based upon knowledge, information and a reasonable belief derived therefrom, as

26  follows:

27         1.    Plaintiff, SUJANIE V.S.V. GAMAGE, is currently a resident of Clark County, State

28  of Nevada, and at all relevant times, was a student at the University of Nevada, Las Vegas.

2.     Defendant THE STATE OF NEVADA, ex. Rel. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the UNIVERSITY OF NEVADA, LAS VEGAS is a political subdivision of the State of Nevada and operates the University of Nevada, Las Vegas (hereinafter referred to as "UNLV"), a public educational institution of higher learning.

3.     Defendant VERNON HODGE is employed by UNLV as a professor in the Department of Chemistry. He is named in this case both individually and in his official capacity.

5.     That the true names or capacities, whether individual, corporate, associate or otherwise, of Defendants DOES I through XX are unknown to Plaintiff, who therefore, sues said Defendants by such fictitious names.

6.     Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOES are responsible in some manner for the events and happenings referred to in this action and proximately caused damages to Plaintiff as herein alleged, and that Plaintiff will ask leave of this Court to amend this Complaint, to insert the true names and capacities of said Defendants, and when the same have been ascertained to join such Defendants in this action.

7.     At all times relevant hereto, and in all their actions described herein, Defendants' actions took place in the State of Nevada, County of Clark.

8.     Plaintiff was a student at the University of Nevada, Las Vegas in the Chemistry Ph.D. program and was expected to graduate in Spring of 2011.

9.     Plaintiff began working on her Chemistry dissertation in early 2010. On February 23, 2011, Plaintiff submitted a draft of her dissertation to her Ph.D. advisory committee.

10.    On June 14, 2011, Defendant, Vernon Hodge, filed a report to Defendant, Phillip Burns, containing numerous false allegations that Plaintiff committed academic misconduct by submitting a dissertation that contained plagiarized text.

11.    UNLV defines plagiarism in the Student Conduct Code as using the words or ideas of another, from the internet or any other source, without proper citation of the source(s). Yet, there is not one section in Plaintiff's dissertation that does not contain proper citation to her sources.

12.    On July 30, 2011, Phillip Burns, UNLV Student Conduct Coordinator, notified Plaintiff that he received information that Plaintiff may have violated the Student Conduct Code by

The Bach Law Firm, LLC
6053 S. Fort Apache Rd., Suite 130
Las Vegas, Nevada 89148
Tel: (702) 925-8787   Fax (702) 925-8788
www.Bachlawfirm.com

1  committing academic misconduct.

2  13.  On October 20, 2011, Plaintiff attended a hearing before an Academic Integrity

3  Appeal Panel. The Panel subsequently issued findings that Plaintiff was responsible for academic

4  misconduct based upon Hodge's allegations of plagiarism, that Plaintiff had multiple opportunities

5  to correct the plagiarism but did not, and that Plaintiff admitted to making "mistakes" and did not

6  know how to correct those mistakes. The Panel recommended that Plaintiff be removed from the

7  Chemistry Ph.D. program because of plagiarism.

8  14.  Plaintiff was completely shocked and distraught upon learning of these allegations

9  that were made against her. The allegations were completely false and without any evidentiary

10  support.

11  15.  At the hearing on October 20, 2011, Defendants failed to allow Plaintiff to be

12  represented and/or assisted by an advisor, intentionally causing Plaintiff to be ineffective at

13  representing herself at said hearing, all in violation of her U.S. Constitutional Rights, the UNLV

14  Student Conduct Code, and the Nevada System of Higher Education (NSHE) Code.

15  16.  At the hearing, Plaintiff presented testimony and evidence that contradicted Dr.

16  Hodge's allegations, yet the Panel still recommended Plaintiff's dismissal from the program, all in

17  violation of her U.S. Constitutional Rights, the UNLV Student Conduct Code, and the Nevada

18  System of Higher Education (NSHE) Code.

19  17.  Despite the fact that no competent evidence was ever presented to support any of the

20  allegations made against Plaintiff, Defendants found Plaintiff to be "Responsible" for student

21  academic misconduct, completely ignoring the evidence that exonerated Plaintiff, thus making

22  Defendants' decision arbitrary and capricious.

23  18.  As a result of Defendants' arbitrary and capricious decision, Plaintiff was removed

24  from the Chemistry Ph.D. program, forever tarnishing her educational transcript and record, as well

25  as causing severe psychological and physical injuries, all in violation of her U.S. Constitutional

26  Rights, the UNLV Student Conduct Code, and the Nevada System of Higher Education (NSHE)

27  Code.

28  19.  As a result of Defendants' arbitrary, capricious, and unlawful actions, Plaintiff has

been prevented from completing her Chemistry Ph.D. program at UNLV.

20.     As a result of the above, Defendants actions, and each of them, they have wrongly caused Plaintiff to be sanctioned and removed from the University and for the above-noted sanctions to be wrongly placed on her record, all in violation of her U.S. Constitutional Rights, depriving her of the opportunity to obtain an education and further her career, and inflicting emotional distress and physical injury, all damaging her in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

### FIRST CAUSE OF ACTION

### *BREACH OF CONTRACT*

21.     Paragraphs 1 through 20, inclusive are incorporated by reference.

22.     Plaintiff has an express and implied contract with Defendants in connection with rights explicitly guaranteed by UNLV pursuant to the UNLV Student Handbook, UNLV Student Conduct Code and the NSHE Code.

23.     The actions of Defendants constitute a breach of the express and implied contract.

24.     As a result of the breach committed against the Plaintiff, she has been damaged in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

25.     It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

### SECOND CAUSE OF ACTION

### *NEGLIGENCE / NEGLIGENT HIRING, TRAINING, & SUPERVISION*

26.     Paragraphs 1 through 25, inclusive, are incorporated by reference.

27.     At all times material and relevant herein, the Defendants had a duty to not violate the Constitutional rights of their students.

28.     At all times relevant herein, Defendant UNLV had a duty not to hire individuals with a propensity towards committing unlawful acts against those who lawfully go about their business, and to adequately train and supervise their agents, officers, and employees.

29.     At all times relevant herein, the Defendant UNLV had a duty to protect the public, such as Plaintiff, from the illegal actions of their own agents, officers, employees and others.  In

The Buch Law Firm, LLC
6053 S. Fort Apache Rd., Suite 130
Las Vegas, Nevada 89148
Tel. (702) 925-8787   Fax: (702) 925-8788
www.BuchLawFirm.com

addition, Defendant UNLV had a duty not to hire individuals with a propensity towards committing unlawful acts against the public, and to adequately train and supervise their employees.

30.    Defendants, and each of them, breached their respective duties, and are therefore negligent and liable to the Plaintiff, who has suffered serious economic loss, loss of reputation, loss of daily and future income, and to incur severe financial obligations in order to retain attorneys, as well as other painful injuries, deprivation of his liberty, invasion of his privacy, grievous mental suffering, all to her damage in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

31.    It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

### THIRD CAUSE OF ACTION

*INTENTIONAL AND NEGLIGENT INFLICTION OF SEVERE MENTAL DISTRESS*

32.    Paragraphs 1 through 31, inclusive, are incorporated by reference.

33.    As a result of Defendants' intentional and negligent conduct and omissions, Plaintiff, suffered and continues to suffer great mental and emotional harm, anguish, insecurity, self-revulsion, damage to her self-esteem, and self-worth, shame and humiliation, including but not limited to: severe and clinical depression, anxiety, loss of sleep, and change of appetite.

34.    Plaintiff has required medical and psychological care as result of the malfeasance and nonfeasance of Defendants. This has caused Plaintiff to incur expenses for medical care, treatment, and expenses incidental thereto.

35.    As a result of the mental distress described above, Plaintiff has suffered serious psychological injury, loss of community reputation, medical expenses, and to incur severe financial obligations in order to retain attorneys to seek redress against the unlawful conduct of the Defendants, as well as deprivation of his liberty, invasion of his privacy, and grievous mental suffering, all to damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

36.    The acts, conduct and behavior of the Defendants were performed willfully, intentionally, oppressively, fraudulently and maliciously, by reason of which Plaintiff, is entitled to punitive damages in a sum in excess of TEN THOUSAND DOLLARS ($10,000.00).

37.    It has been necessary for Plaintiff to obtain the services of an attorney to prosecute

The Bach Law Firm, LLC
6053 S. Fort Apache Rd. Suite 130
Las Vegas, Nevada 89148
Tel. (702) 925-8787   Fax (702) 925-8788
www.thebf.lawfirm.com

1    this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

2    ### FOURTH CAUSE OF ACTION

3    ### *INJUNCTIVE AND DECLARATORY RELIEF*

4    38.    Paragraphs 1 through 37 inclusive are incorporated by reference.

5    39.    Defendant actions of removing Plaintiff from the Chemistry Ph.D. program and

6    preventing Plaintiff from graduating from the University and continuing in her program at UNLV

7    and the placing of notations of any accusations, findings, or sanctions against her, in Plaintiff's

8    student file or upon her transcript, is unjust and illegal.

9    40.    As a result of Defendant's arbitrary, capricious, and unlawful actions, Plaintiff has

10   been prevented from attending classes at UNLV, thus halting and destroying her ability to complete

11   her chemistry program or to ever enter her chosen profession, thus the actions of Defendants will

12   cause Plaintiff to suffer immediate and irreparable harm if she is not permitted to enroll in the UNLV

13   Chemistry Ph.D. program and complete her graduation requirements.

14   41.    That due to Defendants' arbitrary and capricious and unlawful actions, Plaintiff has

15   a reasonable probability of success on the merits of her case.

16   42.    The harm caused by Defendant is irreparable and can only be mitigated by the

17   reinstatement of Plaintiff as a student and omission of any notations. For that reason, Plaintiff is

18   entitled to an order requiring Defendants to immediately allowing her to enroll in the Chemistry

19   Ph.D. program, remove any notations of any accusations, findings or sanctions, and prohibiting

20   Defendants from further unlawfully interfering with Plaintiff's educational future.

21   43.    As a result of the acts committed against Plaintiff, she has been damaged all in an

22   amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

23   44.    As a result of Defendants' intentional conduct, they have caused Plaintiff to incur

24   attorney's fees in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00) and thus

25   Plaintiff is entitled to an award of attorney's fees.

26   ### FIFTH CAUSE OF ACTION

27   ### *DEFAMATION, LIBEL AND SLANDER PER SE*

28   45.    Paragraphs 1 through 44 inclusive are incorporated by reference.

The Buck Law Firm, LLC
6053 S. Fort Apache Rd., Suite 130
Las Vegas, Nevada 89148
Tel: (702) 925-8787   Fax: (702) 925-8788
www.theLawFirm.com

46.     That Defendants' made false statements both verbally and written, including but not limited to, statements regarding Plaintiff's abilities as a chemist and Plaintiff's integrity.

47.     These statements described above were made to third parties, including Plaintiff's classmates and professors not involved in the Plaintiff's academic misconduct violations and severely harmed the reputation and character of the Plaintiff.

48.     That Plaintiff has suffered loss of reputation, shame, mortification and hurt feelings as a result of Defendants deliberate, malicious, intentional, and oppressive conduct.

49.     As a direct and proximate result of the false statements made by Defendants, Plaintiff has suffered injury and damages all in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

50.     The acts, conduct and behavior of each of the individual Defendants were performed knowingly, intentionally, oppressively, and maliciously, by reason of which, Plaintiff is entitled to punitive damages in a sum in excess of TEN THOUSAND DOLLARS (S10,000.00).

51.     It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

## SIXTH CAUSE OF ACTION

### CIVIL RIGHTS VIOLATION, DUE PROCESS VIOLATION, FIFTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

52.     Paragraphs 1 through 51, inclusive are incorporated by reference.

53.     The actions of Defendants resulted from, and were taken, pursuant to a *de facto* policy of Defendant UNLV, which is implemented by administrators, directors, agents, and other employees of the said Defendants, all acting under the color of law, who chose to violate Plaintiff's constitutional rights, without rightful authority of law, and who continue to violate Plaintiff's constitutional rights on an on-going basis by preventing her from returning to school, and effectively preventing her from being admitted to another institution of higher learning.

54.     Supervisory and policy making officers and officials of said Defendants have known the existence of the *de facto* policy described above for a substantial period of time.

The Black Law Firm, LLC
6053 S. Fort Apache Rd., Suite 130
Las Vegas, Nevada 89148
Tel (702) 925-8787   Fax: (702) 925-8788
www.theblacklawfirm.com

55. Despite their knowledge of the said illegal policy and practices, supervisory and policy-making officers and officials of the said Defendants have not taken steps to determine said practices, have not disciplined or otherwise properly supervised the individual employees who engaged in the said practices, have not effectively trained the administrators, directors, agents, and other employees with regard to the proper constitutional and statutory limits on the exercise of their authority, and have instead sanctioned the policy and the practices described herein.

56. That the above actions by Defendants have resulted in both the substantive and procedural due process denial of rights, all in violation of the Fifth and Fourteenth Amendment to the United States Constitution.

57. That by reason of the aforesaid actions, Defendants' actions exhibit deliberate indifference to and/or reckless disregard for the constitutional rights of Plaintiff and other similarly situated students, all in violation of the Plaintiff's constitutional rights, and as a direct and proximate result thereof, the Plaintiff sustained severe damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

58. The acts, conduct and behavior of each of the Individual Defendant's was performed knowingly, intentionally, oppressively, and maliciously, by reason of which Plaintiff is entitled to punitive damages in a sum in excess of TEN THOUSAND DOLLARS ($10,000.00).

59. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in Plaintiff's favor, and against the Defendants, and each of them:

1. For compensatory damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00);

2. For punitive damages each in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00);

3. For Injunctive Relief, including reinstating Plaintiff in the Chemistry, Ph.D. program to allow her to graduate; and

4. Together with the costs and disbursements of this action and such other attorney's

The Buch Law Firm, LLC
6053 S. Fort Apache Rd., Suite 130
Las Vegas, Nevada 89148
Tel: (702) 952-5812   Fax: (702) 925-8788
www.BuchLawFirm.com

*The Bach Law Firm, L.L.C.*
6053 S. Fort Apache Rd., Suite 130
Las Vegas, Nevada 89148
Tel: (702) 925-8787   Fax: (702) 925-8788
www.BachLawFirm.com

fees pursuant to 42 U.S.C. §1988, and further relief as justice requires.

DATED this ___ day of December, 2011.

THE BACH LAW FIRM, LLC

JASON J. BACH, ESQ.
Nevada Bar No. 7984
MICHAEL L. MASCARELLO, ESQ.
Nevada Bar No. 10673
6053 S. Fort Apache Rd., Suite 130
Las Vegas, NV 89148
Tel.: (702) 925-8787
Attorneys for Plaintiff

# EXHIBIT B

PARADIGM ATTORNEY SERVICE
Corp/Business Service

## EIGHTH JUDICIAL DISTRICT COURT
## STATE OF NEVADA, CLARK COUNTY

### AFFIDAVIT OF SERVICE

Index no : A653304

| | |
|---|---|
| Plaintiff(s): | **SUJANIE V.S.V. GAMAGE AKA SUJANIE GAMAGE SAMARASEK** |
| | -vs- |
| Defendant(s): | **THE STATE OF NEVADA, EX. REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, ET AL.** |

STATE OF NEVADA
COUNTY OF CARSON CITY          ss.:

Electronically Filed
02/22/2012 07:57:24 AM

**WADE MORLAN**, the undersigned, being duly sworn, deposes and says:

The affiant received copy(ies) of the **Summons; Complaint; Civil Cover Sheet** on 02/02/2012 and served the same on 02/02/2012 at 10:45 AM by delivering and leaving a copy with:

CLERK OF THE COURT

**TRINA GIBSON, OF THE OFFICE OF THE ATTORNEY GENERAL, ADMINISTRATIVE ASSISTANT** who stated he/she is authorized to accept service on behalf of **STATE OF NEVADA**.

**100 N. CARSON ST, CARSON CITY, NV 89705**

A description of **TRINA GIBSON, OF THE OFFICE OF THE ATTORNEY GENERAL** is as follows:

| Sex | Color of skin/race | Color of hair | Age(Approx) | Height(Approx) | Weight(Approx) |
|---|---|---|---|---|---|
| Female | Cancasian | BRN | 40'S | 5'4 | 165LBS |
| Other Features: | | | | | |

Sworn to and subscribed before me on the
02/17/2012 WADE MORLAN

Notary

X _____
WADE MORLAN
License#: R-006823
Paradigm Attorney Services
915 E. Bonneville
Las Vegas,NV 89101
702-385-7874

STEPHANIE MARTELL
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 05-97425-2 - Expires June 9, 2013

PARADIGM ATTORNEY SERVICE
915 E. BONNEVILLE AVE
LAS VEGAS,NV 89101





*1524*

# EXHIBIT C

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

**AFFIDAVIT OF SERVICE**

Case No.: A653304
Electronically Filed
02/22/2012 07:58:05 AM

SUJANIE V.S.V GAMAGE a/k/a SUJANIE GAMAGE SAMARASEK

Plaintiff/Petitioner,

vs.

THE STATE OF NEVADA, ex Rel, BOARD OF REGENTS OF THE
NEVADA SYSTEM OF EDUCATION, on behalf of the UNIVERSITY OF
NEVADA, LAS VEGAS

**CLERK OF THE COURT**

Defendant/Respondent,

_____/

STATE OF NEVADA
COUNTY OF CLARK       ss.:

Received by Paradigm Attorney Service, Inc. on 01/04/2012.

I, **Bruce Feher**, being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceeding in which this affidavit is made.
I am authorized to serve this process in the circuit/county it was served in.

On **02/13/2012** at **11:10 AM**, I served the within **Summons; Complaint** on **THE STATE OF NEVADA, ex. Rel. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the COLLEGE OF SOUTHERN NEVADA** at **5550 W. Flamingo Rd. # C-1, Las Vegas, NV 89103** in the manner indicated below:

**SUITABLE AGE:** By delivering thereat a true copy of each to **Daniel J. Klaich, AUTHORIZED TO ACCEPT** of **THE STATE OF NEVADA, ex. Rel. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the COLLEGE OF SOUTHERN NEVADA**, a person of suitable age and discretion. Said premises is **THE STATE OF NEVADA, ex. Rel. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the COLLEGE OF SOUTHERN NEVADA**'s usual place of business within the state.

A description of the Recipient, or other person served on behalf of the Recipient is as follows:

| Sex  | Color of skin/race | Color of hair | Age | Height  | Weight      |
|------|--------------------|---------------|-----|---------|-------------|
| Male | Caucasian          | Gray          | 60  | Over 6' | 161-200 lbs |
| Other Features: | | | | | |

Sworn to and subscribed before me on

_FEBRUARY_  _21_ , 20 _12_
by an affiant who is personally known to
me or produced identification.

NOTARY PUBLIC

X_____
Bruce Feher
License#: R-052921
Paradigm Attorney Service, Inc.
915 E. Bonneville Ave.
Las Vegas, NV 89101
702-385-7874
Atty File#:

Job Number:1650

JAVIER MURUATO
Notary Public State of Nevada
No. 11-5926-1
My Appt. Exp. Sept. 28, 2015

# EXHIBIT D

1  JASON J. BACH, ESQ.
   Nevada Bar No. 7984
2  MICHAEL L. MASCARELLO, ESQ.
   Nevada Bar No. 10673
3  THE BACH LAW FIRM, LLC
   6053 S. Fort Apache Rd., Suite 130
4  Las Vegas, NV 89148
   Tel: (702) 925-8787
5  Fax: (702) 925-8788
   Attorneys for Plaintiff
6

7                    **DISTRICT COURT**

8              **CLARK COUNTY, NEVADA**

9                        * * * * *

10 SUJANIE V.S.V. GAMAGE aka SUJANIE      )
   GAMAGE SAMARASEK                        )
11                                         )
            Plaintiff,                     )    CASE NO.: A653304
12                                         )    DEPT NO.: XXXII
            v.                             )
13                                         )    **ACCEPTANCE OF SERVICE**
   THE STATE OF NEVADA, ex. Rel. BOARD    )    **OF PROCESS**
14 OF REGENTS OF THE NEVADA SYSTEM OF      )
   HIGHER EDUCATION, on behalf of the      )
15 UNIVERSITY OF NEVADA, LAS VEGAS;        )
   a Political Subdivision of the State of Nevada; )
16 VERNON HODGE, individually and in his official )
   capacity as an employee of the University of  )
17 Nevada, Las Vegas; and DOES I-XX        )
   inclusive,                              )
18                                         )
            Defendants.                    )
19 _____)

20        The undersigned, SCOTT FLEMING, ESQ., is duly authorized to accept service of process

21 in the above-entitled matter on behalf of Defendant, VERNON HODGE.  Accordingly, the

22 undersigned accepts service of *Summons and Plaintiff's Complaint* in the above entitled matter.

23        DATED this 22nd day of February, 2012.

24                                 OFFICE OF GENERAL COUNSEL, UNLV

25

26                                 SCOTT D. FLEMING, ESQ.
                                   Office of General Counsel
27                                 University of Nevada, Las Vegas
                                   4505 S. Maryland Parkway
28                                 Las Vegas, NV 89154-1085