1  **ANS**
   ELDA M. SIDHU
   General Counsel
2  Nevada Bar No.  7799
   J. MARTY HOWARD
3  Assistant General Counsel
   Nevada Bar No.  1052
4  University of Nevada, Las Vegas
   4505 S. Maryland Parkway, Box 451085
5  Las Vegas, Nevada  89154-1085
   Telephone:  (702) 895-5185
6  Facsimile:  (702) 895-5299
   *Attorneys for Defendants the State*
7  *of Nevada ex rel. Board of Regents of*
   *the Nevada System of Higher Education,*
8  *on behalf of the University of Nevada,*
   *Las Vegas and Vernon Hodge*
9

10              **IN THE UNITED STATES DISTRICT COURT**

11                 **FOR THE DISTRICT OF NEVADA**

12

13  SUJANIE V.S.V. GAMAGE aka SUJANIE          CASE NO.:  2:12-cv-00290-GMN-VCF
    GAMAGE SAMARASEK,
14
                   Plaintiff,
15
    vs.
16
    THE STATE OF NEVADA ex rel. BOARD          **ANSWER TO COMPLAINT**
17  OF REGENTS OF THE NEVADA
    SYSTEM OF HIGHER EDUCATION, on
18  behalf of THE UNIVERSITY OF
    NEVADA, LAS VEGAS; a Political
19  Subdivision of the State of Nevada;
    VERNON HODGE, individually and in his
20  official capacity as an employee of the
    University of Nevada, Las Vegas; and DOES
21  I-XX inclusive,
22                 Defendants.
23

24        Defendants, The State of Nevada ex rel., its Board of Regents of the Nevada System of

25  Higher Education, on behalf of the University of Nevada, Las Vegas ("UNLV") and Vernon

26  Hodge, individually and in his official capacity ("Hodge" and collectively "Defendants") by and

27  through counsel, Elda M. Sidhu, General Counsel, University of Nevada, Las Vegas, and J. Marty

28  Howard, Assistant General Counsel, University of Nevada, Las Vegas, respectfully submit their

1  Answer to Plaintiff's Complaint.

2      1.    Admit Plaintiff at all times relevant to the Complaint was a student at UNLV.  In

3  fact, Plaintiff is still registered and enrolled in the Chemistry Ph.D. program.  Defendants lack the

4  knowledge or information sufficient to form a belief about the truth of the remaining allegations

5  and therefore deny.

6      2.    Defendants deny any Defendant named in the caption and/or this paragraph is a

7  political subdivision of the State of Nevada.  Defendants would admit in substance the remaining

8  allegations contained within this paragraph.  It should be noted the University is not a legal entity

9  that can be sued.  In accordance with NRS 396.020, the legal and corporate name of the State

10  University is the University of Nevada.  The University of Nevada includes, among others, the

11  universities and colleges in the State of Nevada.  This system is collectively known as the Nevada

12  System of Higher Education ("NSHE").  The named Defendant in this matter is an entity or

13  institution of the State of Nevada.

14      3.    Admit.

15      4.    Plaintiff has failed to include a paragraph 4.  Defendants deny any allegations

16  which would be contained in any alleged paragraph 4.

17      5.    Defendants lack the knowledge or information sufficient to form a belief about the

18  truth of the allegations within this paragraph and therefore deny.

19      6.    Defendants lack the knowledge or information sufficient to form a belief about the

20  truth of the allegations within this paragraph and therefore deny.

21      7.    Admit.

22      8.    Admit Plaintiff at all relevant times to the Complaint was a student at UNLV in the

23  Chemistry Ph.D. program.  Plaintiff could not reasonably expect to graduate until she properly

24  completed the dissertation process.  Defendants lack the knowledge or information sufficient to

25  form a belief about the truth of the remaining allegations within this paragraph and therefore deny.

26      9.    Admit.

27      10.    Admit on or about June 15, 2011 Defendant Vernon Hodge submitted a typewritten

28  UNLV Alleged Misconduct Report and/or a UNLV Alleged Academic Misconduct Report form(s)

to Director Philip Burns of the UNLV Office of Student Conduct ("OSC") which contained charges of multiple examples of plagiarism by Plaintiff and Plaintiff's failure to take advantage of a second chance to remove all plagiarized material from her dissertation.  Also, the Academic Misconduct Report signed by Plaintiff has a box checked which states: "The student accepts responsibility for the violation but does not accept the academic sanction(s) and requests a hearing".  The two documents speak for themselves.  Phillip Burns has not been properly named (he is not in the caption) and/or served as a Defendant in this matter.  Defendants deny each and every other allegation within this paragraph.

11.     The Student Academic Misconduct Policy in paragraph II. states: "Academic Misconduct is any intentional or unintentional occurrence of the following:  A.  Using the words or ideas of another, from the internet or any source, without proper citation of the source(s), commonly called plagiarism."  Defendants deny each and every other allegation contained within this paragraph.

12.     Defendants admit the allegations contained within this paragraph with the exception of Plaintiff providing the wrong job title of Philip Burns which is correctly stated in paragraph 10 above.

13.     Defendants admit the UNLV Academic Integrity Appeal Panel held a hearing on October 20, 2011 regarding the appeal by Plaintiff of the academic misconduct charges against her.  This panel issued a written report on October 21, 2011.  The panel recommended Plaintiff be removed from the Department of Chemistry Ph.D. program because of plagiarism.  Defendants deny each and every other allegation contained within this paragraph which is not in conformance with the written report which speaks for itself.

14.     Defendants deny the allegations were completely false and without any evidentiary support.  Defendants lack the knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph and therefore deny.  However, Defendants would submit Plaintiff was shocked and distraught she was caught plagiarizing.  She initially accepted responsibility for her actions in the Alleged Academic Misconduct Report and in her written statement to and hearing before the Academic Integrity Appeal Panel.  Plaintiff admitted

1   deep regret for the mistake she had made; profusely apologized; and stated she was terribly
2   disappointed with herself.

3       15.     Upon information and belief, Plaintiff did not request an advisor for her hearing on
4   October 20, 2011. Defendants deny each and every other allegation contained within this
5   paragraph.

6       16.     Defendants admit both Plaintiff and Defendant Professor Hodge presented
7   documentary evidence prior to and/or at the Academic Appeal Integrity Appeal Panel hearing.
8   Both Plaintiff and Defendant Professor Hodge presented live testimony. The panels' written report
9   including but not limited to its findings speaks for itself. The panel did recommend Plaintiff be
10  removed from the Department of Chemistry Ph.D. program due to plagiarism. Defendants deny
11  each and every other allegation contained in this paragraph.

12      17.     Admit the hearing panel did find Plaintiff responsible for academic misconduct. It
13  is important to note the panel was unbiased and not prejudiced in this matter. It consisted of a
14  doctoral student; a tenured faculty member from the College of Hotel Administration; and an
15  administrative faculty member from the library. Defendant's admissions alone were enough to
16  find her responsible in this matter. Defendants deny each and every other allegation contained
17  within this paragraph.

18      18.     Deny.

19      19.     Deny. As of the date the complaint was filed in this matter and subsequent thereto
20  Plaintiff is still currently enrolled in the Chemistry program and pursuing her appeal rights.

21      20.     Deny.

22                          **FIRST CAUSE OF ACTION**

23                          ***BREACH OF CONTRACT***

24      21.     Defendants incorporate by reference as though set out in full herein paragraphs 1-20
25  above.

26      22.     Defendants deny paragraphs 22-24.

27      23.     Responding to paragraph 25, Defendants deny Plaintiff is entitled to attorney's fees
28  and costs. Defendants lack the knowledge or information sufficient to form a belief about the truth

1    of the remaining allegations within this paragraph and therefore deny.

2                           **SECOND CAUSE OF ACTION**

3             *NEGLIGENCE/NEGLIGENT HIRING, TRAINING, & SUPERVISION*

4         24.    Defendants incorporate by reference as though set out in full herein paragraphs 1-23

5    above.

6         25.    Responding to paragraphs 27-29, the allegations call for legal conclusions and

7    require no response.  Also, Defendants lack the knowledge or information sufficient to form a

8    belief about the truth of the allegations within this paragraph and therefore deny.  Defendants deny

9    there has been any legally actionable conduct in this matter.  However, in general terms,

10   Defendants have a duty to not violate the constitutional rights of their students; should not hire

11   individuals with known propensities to commit unlawful acts against students; and have a duty

12   when legally required, necessary and relevant to train and supervise their agents, officers, and

13   employees. Defendant Professor Hodge is a respected, qualified and long standing Professor with

14   excellent credentials.

15        26.  Responding to paragraph 30, Defendants deny.

16        27. Responding to paragraph 31, Defendants deny Plaintiff is entitled to attorney's fees and

17   costs. Defendants lack the knowledge or information sufficient to form a belief about the truth of

18   the remaining allegations within this paragraph and therefore deny.

19                            **THIRD CAUSE OF ACTION**

20        *INTENTIONAL AND NEGLIGENT INFLICTION OF SEVERE MENTAL DISTRESS*

21        28. Defendants incorporate by reference as though set out in full herein paragraphs 1-27

22   above.

23        29. Defendants deny the allegations contained within paragraphs 33-36.

24        30. Responding to paragraph 37, Defendants deny Plaintiff is entitled to attorney's fees

25   and costs. Defendants lack the knowledge or information sufficient to form a belief about the truth

26   of the remaining allegations within this paragraph and therefore deny.

27   / / /

28   / / /

1

## FOURTH CAUSE OF ACTION

2

### *INJUNCTIVE AND DECLARATORY RELIEF*

3       31.   Defendants incorporate by reference as though set out in full herein paragraphs 1-30

4   above.

5       32.   Defendants deny the allegations contained within paragraphs 39-43.

6       33.   Responding to paragraph 44, Defendants deny Plaintiff is entitled to attorney's fees

7   and costs. Defendants lack the knowledge or information sufficient to form a belief about the truth

8   of the remaining allegations within this paragraph and therefore deny.

9

## FIFTH CAUSE OF ACTION

10

### *DEFAMATION, LIBEL AND SLANDER PER SE*

11       34. Defendants incorporate by reference as though set out in full herein paragraphs 1-33

12   above.

13       35.   Defendants deny the allegations contained within paragraphs 46-50.

14       36.   Responding to paragraph 51, Defendants deny Plaintiff is entitled to attorney's fees

15   and costs. Defendants lack the knowledge or information sufficient to form a belief about the truth

16   of the remaining allegations within this paragraph and therefore deny.

17

## SIXTH CAUSE OF ACTION

18

### *CIVIL RIGHTS VIOLATION, DUE PROCESS VIOLATION, FIFTH AND FOURTEENTH*

19

### *AMENDMENT TO THE UNITED STATES CONSTITUTION*

20       37. Defendants incorporate by reference as though set out in full herein paragraphs 1-36

21   above.

22       38.   Defendants deny the allegations contained in paragraphs 53-58.

23       39.   Responding to paragraph 59, Defendants deny Plaintiff is entitled to attorney's fees

24   and costs. Defendants lack the knowledge or information sufficient to form a belief about the truth

25   of the remaining allegations within this paragraph and therefore deny

26       40.   Defendants deny each and every allegation within Plaintiff's prayer for relief.

27   / / /

28   / / /

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants have at all relevant times acted in good faith and without malice toward Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The negligence of Plaintiff caused or contributed to any injuries or damages which Plaintiff may have sustained and the negligence of Plaintiff, in comparison with the alleged negligence of the Defendants, if any, requires that the damages of Plaintiff be denied or be diminished in proportion to the amount of negligence attributable to Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

That at the time and place alleged in the Complaint, Plaintiff did not exercise ordinary care, caution or prudence to avoid said incident and the resulting damages, if any, complained of were directly and proximately contributed to and caused by the fault, carelessness and negligence of the Plaintiff, which negligence was greater than the alleged negligence of the Defendants.

### FIFTH AFFIRMATIVE DEFENSE

Defendants allege that the damages, if any, which Plaintiff alleges to have sustained, were caused in whole or part by the acts and/or omissions or negligence of third parties over whom the Defendants had no control and for whose conduct the Defendants are not responsible.

### SIXTH AFFIRMATIVE DEFENSE

The injuries sustained by Plaintiff, if any, were caused by the acts of third persons who were not agents, servants or employees of these answering Defendants and who were not acting on behalf of these answering Defendants in any manner or form, and as such, the University Defendants are not liable in any manner to Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages and, to the extent of that failure, she is precluded from recovering against the Defendants.

S:\General Counsel\LITIGATION FILES\Gamage-Samarasek. Separate\Pleadings\Draft\2012-04-12 Answer to Complaint.docx

7

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants allege that any and all harms the Plaintiff alleges in her complaint and if any actually exist are the result of pre-existing conditions or injuries.

**NINTH AFFIRMATIVE DEFENSE**

That not all of Plaintiff's medical and/or psychological treatment may be reasonable and necessary for the type of injury for which Plaintiff complains.

**TENTH AFFIRMATIVE DEFENSE**

In the event DOE Defendants are named proper parties to the action, Defendants reserve the right to assert any cross-claim against those DOE parties.

**ELEVENTH AFFIRMATIVE DEFENSE**

In the event recovery is allowed against more than one defendant in this action, then the liability of the Defendants, if any, shall not be joint and several, but shall be several to the Plaintiff only for that portion of the judgment which represents the percentage of negligence attributable to these answering Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

Pursuant to NRS 41.035, the Defendants liability in this matter is limited. The amount will depend on how the statute is interpreted but any amount awarded cannot exceed $50,000.00 or $75,000.00 and punitive or exemplary damages may not be awarded.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff comes before this Court with unclean hands. Therefore, she should not be entitled to any type of equitable and/or legal relief.

**FOURTEENTH AFFIRMATIVE DEFENSE**

No conduct of a University employee or agent on duty on the date of the incident proximately caused or contributed to the injuries of which Plaintiff complains in this matter.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint is barred by the doctrines of waiver and/or estoppel. By her own actions and/or inactions, Plaintiff should be found to be estopped and/or barred from asserting any claims against Defendants or found to have waived her rights to any type of relief.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff at the time of filing her complaint and subsequent thereto had failed to exhaust her administrative remedies as provided by the policies and procedures at UNLV.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk regarding some or all of the allegations contained within her complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Under the allegations contained in Plaintiff's Complaint, Defendants are immune from suit, as a matter of law.  Also, Defendants are entitled to all the privileges and protections afforded by law including but not limited to NRS Chapter 41.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants are immune from some or all of Plaintiff's claims pursuant to NRS 41.032.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff based upon the facts alleged in the complaint may not bring a civil rights action and/or any other federal cause of action due to her failure to properly allege 42 U.S.C. Section 1983.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants are entitled to absolute and/or qualified good faith immunity from damages in this matter.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

UNLV (State of Nevada real party in interest) and Dr. Hodge acting in his official capacity may not be sued in this matter due to the official capacity doctrine (applicable in 42 USC Section 1983 actions) and/or the Eleventh Amendment to the United States constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Any award of costs and fees is a matter of law and not of entitlement.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

This alleged affirmative defense is properly the burden of proof of Plaintiff.  To the extent it may be construed otherwise, the answering Defendants were not personally involved and/or the

cause in fact and/or proximate cause of Plaintiff's alleged damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

There was a failure of consideration to form any alleged contract.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The actions and/or inactions of Plaintiff were fraudulent and/or illegal. Therefore, she should be prevented from recovering damages in this matter and/or being awarded any type of equitable relief. In the alternative, Plaintiff's damages, if any, were the result of her own intentional and/or negligent acts and she is solely responsible for the same.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Student academic misconduct cases are multidimensional and involve a decision making process where numerous factors including credibility are considered. Any actions of Defendants in this matter were discretionary, even assuming Plaintiff can prove some type of contractual relationship, and not a breach of contract.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

It is respectfully submitted this is a case where judicial restraint (deference) must be exercised. This judicial reluctance to intrude upon university decisions is imbedded in the deeply rooted principles of academic freedom. Academic freedom has been viewed as a special concern of the First Amendment.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to fulfill the necessary conditions of any alleged contract. Also, any alleged contract is subject to the equitable remedy of rescission due to Plaintiff's conduct.

### THIRTIETH AFFIRMATIVE DEFENSE

Punitive damages may not be awarded in a breach of contract action.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Any alleged contract in this matter is based upon a mutual and/or unilateral mistake of fact.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

The doctrine of equitable estoppel prevents Plaintiff from asserting legal rights, which in equity and good conscience, she should not be allowed to assert because of her own conduct in this

1 | matter.

2 | ## THIRTY-THIRD AFFIRMATIVE DEFENSE

3 | Any alleged contract may be barred by the statute of frauds. Any alleged oral contract is

4 | unenforceable due to many factors including but not limited to a lack of meeting of the minds,

5 | mistake of fact, the lack of the essential elements needed to form a contract etc.

6 | ## THIRTY-FOURTH AFFIRMATIVE DEFENSE

7 | If Plaintiff's negligence and/or other relevant causes of action fail then there can be no

8 | recovery for intentional and/or negligent infliction of emotional distress.

9 | ## THIRTY-FIFTH AFFIRMATIVE DEFENSE

10 | Any alleged defamatory statements and/or libel in this matter were true and/or substantially

11 | true i.e. Plaintiff did plagiarize one or more portions of her dissertation. She has for all intents and

12 | purposes admitted this fact.

13 | ## THIRTY-SIXTH AFFIRMATIVE DEFENSE

14 | Any alleged defamatory statements and/or libel in this matter were more properly

15 | denominated to be statements of opinion rather than fact.

16 | ## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

17 | Any alleged statements in this matter are entitled to absolute, qualified and/or a conditional

18 | privilege including but not limited to the common interest privilege; quasi- judicial privilege;

19 | and/or The Family Educational Rights and Privacy Act (FERPA).

20 | ## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

21 | The actions of Defendant(s) were while performing a discretionary duty and/or while

22 | acting reasonably within the scope of their duties and authority. There was a reasonable basis for

23 | the actions of Defendant(s). Therefore, the actions or inactions of Defendant(s) were legally

24 | justified, under lawful authority and/or privileged. Also, or in the alternative, Defendant(s) acted

25 | with due care and circumspection at all relevant times in the performance of any and all duties

26 | imposed upon them by law.

27 | ## THIRTY-NINTH AFFIRMATIVE DEFENSE

28 | Plaintiff may have failed to join indispensable parties and/or persons necessary for a just

1  adjudication of this action.

2  **FORTIEETH AFFIRMATIVE DEFENSE**

3  Plaintiff is not likely to succeed on the merits, has an adequate remedy at law, is not

4  favored by the public interest, and therefore is not entitled to any type of injunctive relief.

5  Defendants have asserted all appropriate and possible affirmative defenses know to them at

6  this time. However, further investigation and discovery may well disclose additional affirmative

7  defenses. Defendants reserve the right to assert such additional defenses if and when they become

8  known.

9  Based on the foregoing, the University Defendants request judgment against Plaintiff as

10  follows:

11  (a)  Plaintiff be awarded no monetary damages or equitable relief as a result of the

12  filing of her complaint and this entire action be dismissed with prejudice;

13  (b)  Judgment be entered in favor of the Defendants;

14  (c)  Defendants be awarded their litigation expenses and costs of suit incurred herein;

15  (d)  Defendants be awarded reasonable attorneys' fees; and

16  (e)  Defendants be awarded such other and further relief as the Court deems proper.

17  DATED: April 20, 2012.

18

19

20  ELDA M. SIDHU
General Counsel
21  Nevada Bar No. 7799
SCOTT D. FLEMING
Assistant General Counsel
22  Nevada Bar No. 5638
J. MARTY HOWARD
23  Assistant General Counsel
Nevada Bar No. 1052
24  UNIVERSITY OF NEVADA, LAS VEGAS
4505 South Maryland Parkway, Box 451085
25  Las Vegas, Nevada 89154-1085
*Attorneys for Defendants the State*
26  *of Nevada ex rel. Board of Regents of*
*the Nevada System of Higher Education,*
27  *on behalf of the University of Nevada,*
*Las Vegas and Vernon Hodge*
28

1                        **CERTIFICATE OF SERVICE**

2         I certify that on this date, April 20, 2012, I served the following *ANSWER TO*

3 *COMPLAINT* via electronic service on the date and to the address(es) shown below:

4 Jason J. Bach, Esq.
Email: jbach@bachlawfirm.com
5 Michael L. Mascarello, Esq.
Email: mmascarello@bachlawfirm.com
6 THE BACH LAW FIRM, LLC
6053 South Fort Apache Road, Ste. 130
7 Las Vegas, Nevada 89148
*Attorneys for Plaintiff*
8

9

10

11                                       ANGELA CHRISTIAN, an employee
12                                       of the University of Nevada, Las Vegas

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28