ELDA M. SIDHU
General Counsel
Nevada Bar No. 7799
SCOTT D. FLEMING
Assistant General Counsel
Nevada Bar No. 5638
J. MARTY HOWARD
Assistant General Counsel
Nevada Bar No. 1052
UNIVERSITY OF NEVADA, LAS VEGAS
4505 S. Maryland Parkway, Box 451085
Las Vegas, Nevada 89154-1085
Telephone: (702) 895-5185
Facsimile: (702) 895-5299
*Attorneys for Defendants the State
of Nevada ex rel. Board of Regents of
the Nevada System of Higher Education,
on behalf of the University of Nevada,
Las Vegas and Vernon Hodge*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SUJANIE V.S.V. GAMAGE aka SUJANIE GAMAGE SAMARASEK,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE OF NEVADA ex rel. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of THE UNIVERSITY OF NEVADA, LAS VEGAS; a Political Subdivision of the State of Nevada; VERNON HODGE, individually and in his official capacity as an employee of the University of Nevada, Las Vegas; and DOES I-XX inclusive,<br><br>Defendants. | CASE NO.: 2:12-cv-00290-GMN-VCF<br><br><br>**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

Defendants, The State of Nevada ex rel., its Board of Regents of the Nevada System of Higher Education, on behalf of the University of Nevada, Las Vegas ("UNLV") and Vernon Hodge, individually and in his official capacity ("Hodge" and collectively "Defendants") by and through counsel, Elda M. Sidhu, General Counsel, University of Nevada, Las Vegas, and J. Marty

S:\General Counsel\LITIGATION FILES\Gamage-Samarasek, Sujanie\Pleadings\Draft 2012-04-25 Motion for Judgment on the Pleadings - FINAL.docx

1

Howard, Assistant General Counsel, University of Nevada, Las Vegas, hereby submit their Motion for Judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

DATED this _____ day of April, 2012.

*signature*
ELDA M. SIDHU
General Counsel
Nevada Bar No. 7799
SCOTT D. FLEMING
Assistant General Counsel
Nevada Bar No. 5638
J. MARTY HOWARD
Assistant General Counsel
Nevada Bar No. 1052
UNIVERSITY OF NEVADA, LAS VEGAS
4505 S. Maryland Parkway, Box 451085
Las Vegas, Nevada 89154-1085
Telephone: (702) 895-5185
Facsimile: (702) 895-5299
*Attorneys for Defendants the State
of Nevada ex rel. Board of Regents of
the Nevada System of Higher Education,
on behalf of the University of Nevada,
Las Vegas and Vernon Hodge*

## I.

## FACTS

This is a case which Defendants removed from state court. (CR 1). Plaintiff in her complaint alleges she is a student at UNLV and was falsely accused of plagiarizing by her Professor, Defendant Hodge. Plaintiff alleges she subsequently was provided a due process hearing before the Academic Integrity Appeal Panel where it was recommended she be removed from the Chemistry Ph.D. program. She alleges her U.S. Constitutional Rights have been violated. Specifically, Plaintiff alleges in the Sixth Cause of Action her "Civil Rights" have been violated pursuant to the 5th and 14th Amendments to the United States Constitution. Plaintiff has alleged various other state causes of action. Defendants filed an answer on April 20, 2012. (CR 13).

Plaintiff's complaint is critically defective pertaining to the alleged violation of her United States Constitutional Rights. The complaint does not even contain a casual reference to 42 U.S.C.

S:\General Counsel\LITIGATION FILES\Gamage-Samarasek, Sujani\Pleadings\Draft\2012-04-25 Motion for Judgment on the Pleadings - FINAL.docx

2

Section 1983 which is the only vehicle for bringing federal civil rights causes of action against the State of Nevada and/or state employees.

Plaintiff should be ordered to file an amended complaint which properly alleges 42 U.S.C. Section 1983 or face dismissal of her federal causes of action in this matter.

## II.

## STANDARD-MOTION FOR JUDGMENT ON THE PLEADINGS

A district court will grant a motion for judgment on the pleadings under FED. R. CIV. P. 12(c) if the initial complaint fails to state a claim under Rule 12(b)(6). *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997). Pursuant to Rule 12(b)(6), a complaint may be dismissed which fails to state a claim upon which relief can be granted. A Court may render judgment on the pleadings when the pleadings exhibit no issue of material fact to resolve, and the moving party is entitled to judgment as a matter of law. *Enron*, 132 F.3d at 529.

## III.

## ARGUMENT

42 U.S.C. §1983 states in relevant part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

### *Functional Role of § 1983*

The essence of 42 U.S.C. Section 1983 is to authorize a court to grant relief when a party's federally protected rights have been violated by a state official who acted under color of state law. This section fulfills the procedural or remedial role of authorizing the assertion of a claim for relief. The statute itself does not create or establish substantive rights. "The pleader must *also* allege an independent substantive basis for his claim, whether grounded in a federal constitutional or statutory right." (emphasis added). *Nabozny v. NCS Pearson, Inc.*, 270 F. Supp. 2d 1201, 1204-

S:\General Counsel\LITIGATION FILES\Gamage-Samarasick, Sujatre\Pleadings\Draft\2012-04-25 Motion for Judgment on the Pleadings - FINAL.docx

3

1205 (D. Nev. 2003). 42 U.S.C. Section 1983 creates a "cause of action" against those, who acting pursuant to state government authority, violate federal law. *Rivera v. Aqueduct and Sewer Authority of Puerto Rico*, 472 F. Supp. 2d 165, 168 (D. P.R. 2007); *Scott v. Estes*, 60 F. Supp. 2d 1260, 1268 (D. M.D. Ala 1999).

"Plaintiff has no cause of action directly under the United States Constitution. We have previously held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. Section 1983." *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992), *cert. denied*, 506 U.S. 1081 (1993).

"Section 1983 does not itself create or establish any federally protected right. Instead, it creates a cause of action for plaintiffs to enforce federal rights created elsewhere—federal rights created by the federal Constitution or, in some cases, by other federal statutes.[1] [DOCUMENT QUOTE FOOTNOTE 25] In other words, § 1983 fulfills the procedural or remedial function of authorizing plaintiffs to assert a claim for relief against a defendant who, acting under color of state law, violated the plaintiffs' federal rights. In addition, § 1983 provides the exclusive available federal remedy for violations of federal constitutional rights under color of state law. ***Thus, plaintiffs may not avoid the limitations of a § 1983 claim for relief by asserting a claim directly under the Constitution.***"[2] (emphasis added). MARTIN A. SCHWARTZ & KATHRYN R. URBONA, SECTION 1983 LITIGATION- FEDERAL JUDICIAL CENTER 7-8 (2d ed. 2008). [DOCUMENT QUOTE FOOTNOTE 26].

---

[1] [DOCUMENT QUOTE FOOTNOTE 25] *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 608 (1979) (§ 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere"); *Baker v. McCollan*, 443 U.S. 137, 140, 144 n.3 (1979).

[2] [DOCUMENT QUOTE FOOTNOTE 26] *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989); *Wax 'n Works v. City of St. Paul*, 213 F.3d 1016, 1019 (8th Cir. 2000); *Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 732 n.3 (7th Cir. 1994); *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993); *Santiago v. N.Y. State Dep't of Corr. Servs.*, 945 F.2d 25, 30–31 (2d Cir. 1991); *Tarpley v. Greene*, 684 F.2d 1, 9-11 (D.C. Circ. 1982); *Pauk v. Bd. Of Trustees of City Univ. of New York*, 654 F.2d 856, 865 (2d Circ. 1981).

## IV.

## CONCLUSION

Plaintiff in this action is suing the State of Nevada and a state employee, Professor Hodge, in both his individual and official capacity. Plaintiff is alleging a violation of civil rights pursuant to the U.S. Constitution. Therefore, Plaintiff's complaint must contain a cause of action which is brought pursuant to 42 U.S.C. Section 1983. Defendants are aware Plaintiff should freely be given leave to amend her complaint when justice so requires. FED. R. CIV. P. 15(a)(2).

This is not an academic exercise. A cause of action pursuant to 42 U.S.C. 1983 is required by well established case law. More importantly, Defendants are entitled to a fair opportunity to allege and defend this case based upon the wealth of cases interpreting and defining 42 U.S.C. Section 1983 litigation. This would include, but not be limited to, important defenses such as the official capacity doctrine set forth in *Will v. Michigan, Dept of State Police,* 491 U.S. 58, 66 (1989); qualified good faith immunity from damages; the eleventh amendment, etc.

Plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff cannot eviscerate Defendants ability to raise proper defenses in this case simply by failing to properly allege 42 U.S.C. Section 1983 as a cause of action.

DATED: April 30th, 2012.

ELDA M. SIDHU
General Counsel
Nevada Bar No. 7799
SCOTT D. FLEMING
Assistant General Counsel
Nevada Bar No. 5638
J. MARTY HOWARD
Assistant General Counsel
Nevada Bar No. 1052
UNIVERSITY OF NEVADA, LAS VEGAS
4505 South Maryland Parkway, Box 451085
Las Vegas, Nevada 89154-1085
*Attorneys for Defendants the State
of Nevada ex rel. Board of Regents of
the Nevada System of Higher Education,
on behalf of the University of Nevada,
Las Vegas and Vernon Hodge*

S:\General Counsel\LITIGATION FILES\Gamage-Semanasck, Squater\Pleadings\Draft\2012-04-25 Motion for Judgment on the Pleadings - FINAL.docx

5

## CERTIFICATE OF SERVICE

I certify that on this date, April 30, 2012, I served the following **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLEADINGS** via electronic service on the date and to the address(es) shown below:

Jason J. Bach, Esq.
Email: jbach@bachlawfirm.com
Michael L. Mascarello, Esq.
Email: mmascarello@bachlawfirm.com
THE BACH LAW FIRM, LLC
6053 South Fort Apache Road, Ste. 130
Las Vegas, Nevada 89148
*Attorneys for Plaintiff*

_____
ANGELA CHRISTIAN, an employee
of the University of Nevada, Las Vegas

S:\General Counsel\LITIGATION FILES\Gamage-Samarasek, Sujanie\Pleadings\Draft\2012-04-25 Motion for Judgment on the Pleadings - FINAL.docx

6