UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUJANIE V.S.V. GAMAGE aka SUJANIE GAMAGE-SAMARASEK,<br><br>                Plaintiff,<br><br>    vs.<br><br>THE STATE OF NEVADA ex rel. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of THE UNIVERSITY OF NEVADA, LAS VEGAS; a Political Subdivision of the State of Nevada; VERNON HODGE, individually and in his official capacity as an employee of the University of Nevada, Las Vegas; and DOES I-XX inclusive,<br><br>                Defendants. | Case No.: 2:12-cv-00290-GMN-VCF<br><br>**ORDER** |

Pending before the Court is the Motion for Judgment on the Pleadings (ECF No. 14) filed by Defendant The State of Nevada *ex rel.* Board of Regents of the Nevada System of Higher Education, on behalf of the University of Nevada, Las Vegas ("Defendant UNLV"). Plaintiff Sujanie Gamage-Samarasek ("Plaintiff") filed a Response (ECF No. 17) and Defendant filed a Reply (ECF No. 18).

I. **BACKGROUND**

This case arises from the Plaintiff's removal from the Chemistry Ph.D. program at the University of Nevada, Las Vegas. (Compl. ¶ 18, ECF No. 1.) Plaintiff began working on her dissertation in early 2010 and submitted a draft of that dissertation to her Ph.D. advisory committee on February 23, 2011. (*Id.* ¶ 9.) Subsequently, on June 14, 2011, Defendant Vernon Hodge ("Defendant Hodge"), a professor in the Department of Chemistry, filed a report alleging that "Plaintiff committed academic misconduct by submitting a dissertation that

contained plagiarized text." (*Id.* at ¶¶ 3, 10.)  In response to this report, on July 30, 2011, Phillip Burns ("Burns"), the University of Nevada, Las Vegas ("UNLV") Student Conduct Coordinator, notified Plaintiff that Burns had "received information that Plaintiff may have violated the Student Conduct Code by committing academic misconduct." (*Id.* at ¶ 12.)

Thereafter, UNLV's Academic Integrity Appeal Panel (the "Panel") held a hearing on October 20, 2011, at which Plaintiff was present. (*Id.* at ¶ 13.)  After the hearing, the Panel "issued findings that Plaintiff was responsible for academic misconduct based upon Defendant Hodge's allegations of plagiarism, that Plaintiff had multiple opportunities to correct the plagiarism but did not, and that Plaintiff admitted to making 'mistakes' and did not know how to correct those mistakes." (*Id.*)  Based on these findings, the Panel "recommended that Plaintiff be removed from the Chemistry Ph.D. program because of plagiarism." (*Id.*)  Accordingly, Plaintiff was removed from UNLV's Chemistry Ph.D. program and "has been prevented from completing her Chemistry Ph.D. program at UNLV. (*Id.* at 18-20.)

Plaintiff disputes that she committed any academic misconduct. (*Id.* at ¶¶ 10-11.)  Plaintiff also asserts that her rights were violated when she was prevented from being represented and/or assisted by an advisor during the hearing before the Panel. (*Id.* at ¶ 15.)  Plaintiff further alleges that "no competent evidence was ever presented to support any of the allegations made against Plaintiff." (*Id.* at ¶ 17.)  For these reasons, Plaintiff filed the instant civil action asserting six causes of action: (1) breach of contract; (2) negligence/negligent hiring, training & supervision; (3) intentional and negligent infliction of severe mental distress; (4) injunctive and declaratory relief; (5) defamation, libel and slander per se; and (6) civil rights violation, due process violation, Fifth and Fourteenth Amendment to the United States Constitution.  Plaintiff originally filed her Complaint on December 16, 2011 in the Eighth Judicial District Court of Clark County, Nevada. (*See* Compl.; *See also* Notice of Removal 2:4-7, ECF No. 1.)  On February 22, 2012, Defendant removed the action to this Court alleging that

this Court has original jurisdiction pursuant to Title 28, section 1331 of the United States Code because this action arises under the Constitution or laws of the United States. (Notice of Removal 2:25-27.)  Defendant further alleged that this Court has jurisdiction over Plaintiff's state law claims pursuant to Title 28, sections 1441(c) and 1367 of the United States Code because these claims form part of the same case or controversy as the claims over which the Court has original jurisdiction. (*Id.* at 2:28-3:2.)

## II. LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  A motion filed pursuant to Rule 12(c) is "functionally identical" to a motion filed pursuant to Rule 12(b)(6) for failure to state a claim. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing").

### A. Rule 12(b)(6) Legal Standard

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

*State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008).  Rule 8(a)(2) requires that a plaintiff's complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Furthermore, the Supreme Court has already rejected any sort of "heightened" pleading requirement for § 1983 claims because such a heightened pleading standard cannot be "square[d] . . . with the liberal system of 'notice leading' set up by the Federal Rules." *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. DISCUSSION

Section 1983 of Title 42 of the United States Code provides a private cause of action when a state or local official or other person acting under color of state law violates a private party's federally protected rights. *See* 42 U.S.C. § 1983.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any

>citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ..

42 U.S.C. § 1983.  Pleading a constitutional violation under section 1983 need only satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure and the "plausibility pleading" requirement of *Twombly* and *Iqbal*.  In fact, the Supreme Court has rejected arguments that any sort of heightened pleading standard should apply to section 1983 claims. *See, e.g.*, *Leatherman v. Tarrant Cnty. Narcotics Intelligence Coordination Unit*, 507 U.S. 163, 168 (1993) (rejecting a heightened pleading standard for section 1983 municipal liability claims).  Accordingly, when a plaintiff utilizes section 1983 to state a cause of action for a violation of a federally protected right, that plaintiff need only allege sufficient facts that make such a violation plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).  Specifically, a plaintiff must allege both (1) a deprivation of a federal right and (2) that the person who deprived the plaintiff of that right acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In this case, Defendant UNLV argues that Plaintiff's Complaint is deficient because the Complaint lacks an actual citation to 42 U.S.C. § 1983.  As Defendant UNLV itself recognizes, section 1983 supplies only the procedural vehicle for asserting a cause of action for a constitutional rights violation, not the underlying substantive rights. *See, e.g.*, *Nabozny v. NCS Pearson, Inc.*, 270 F. Supp. 2d 1201, 1204-05 (D. Nev. 2005) ("The pleader must also allege an independent substantive basis for his claim . . .").  Defendant UNLV has failed to provide, and the Court has been unable to independently locate, any authority for Defendant UNLV's argument that a Complaint that lacks a reference to this statute is vulnerable to a Motion for Judgment on the Pleadings.  Furthermore, as discussed below, Plaintiff's Complaint adequately pleads a section 1983 claim.  Accordingly, the Court denies Defendant UNLV's Motion for

Judgment on the Pleadings.

### A. Plaintiff has pleaded a deprivation of a right secured by the Constitution.

In her Sixth Cause of Action, Plaintiff alleges that the actions of Defendant UNLV and of Defendant Hodge (collectively, "Defendants") violated Plaintiff's right to due process as secured by the Fifth and Fourteenth Amendments of the United States Constitution. (*See generally* Compl. ¶¶ 52-59, ECF No. 1.) Specifically, Plaintiff's Complaint states a violation of her right to procedural due process rights. (*Id.* at ¶ 56.)

"A § 1983 action may be brought for a violation of procedural due process . . .." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). "In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Id.* (emphasis in original) (citation omitted). Thus, to plead a violation of her constitutionally protected right to due process, Plaintiff must allege that (1) she was deprived of a constitutionally protected life, liberty, or property interest; and (2) Defendant UNLV failed to provide constitutionally adequate process. *See id.*

#### 1. Constitutionally protected life, liberty, or property interest

In order to state a cause of action for deprivation of procedural due process, Plaintiff must first establish the existence of a life, liberty, or property interest for which the protection is sought. Here, Plaintiff's Complaint alleges that Defendants deprived her of the property interest associated with her education. (Compl. ¶ 56, ECF No. 1.) To that end, the Supreme Court has already recognized that under certain situations, students have a property interest in their education, "which is protected by the Due Process Clause and which may not be taken away for misconduct without adherence to the minimum procedures required by that Clause." *Goss v. Lopez*, 419 U.S. 565, 574 (1975).

"'The Due Process clause also forbids arbitrary deprivations of liberty." *Id.* "Where a

person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him,' the minimal requirements of the Clause must be satisfied." *Id.* (citations omitted). Here, Plaintiff alleges that through their actions in depriving her of due process, Defendants are "preventing her from returning to school, and effectively preventing her from being admitted to another institution of higher learning." (Compl. ¶ 53.)

For these reasons, the Court finds that Plaintiff has adequately pleaded a deprivation of constitutionally protected property and liberty interests.

### 2. Constitutionally adequate process

"Once it is determined that due process applies, the question remains what process is due." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Accordingly, Plaintiff must also plead sufficient facts to establish that Defendants plausibly denied her due process before depriving her of the previously discussed property and liberty interests. Here, Plaintiff has alleged that the procedures that Defendants followed were inadequate. (Compl. ¶ 53-55.) Specifically, Plaintiff alleged that Defendants "failed to allow Plaintiff to be represented and/or assisted by an advisor" during the hearing before the Academic Integrity Panel." (*Id.* at 15.) Plaintiff further alleged that this failure resulted in Plaintiff ineffectively representing herself at the hearing in violation of the rights secured to her by the United States Constitution. (*Id.*) For these reasons, the Court concludes that Plaintiff has adequately pleaded that the procedures used by Defendants in removing Plaintiff from the Chemistry Ph.D. program were constitutionally inadequate.

### B. Plaintiff has pleaded Defendant acted under color of state law.

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (citations and internal quotation marks omitted). Additionally, "if a

defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, that conduct is also action under color of state law and will support a suit under § 1983." *Id.* (citations and internal quotation marks omitted) ("In such circumstances, the defendant's alleged infringement of the plaintiff's federal rights is fairly attributable to the State"). Ultimately, a public employee generally acts under color of state law "while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* (citations and internal quotation marks omitted).

Here, Plaintiff alleges that "[t]he actions of Defendants resulted from, and were taken, pursuant to a *de facto* policy of Defendant UNLV, which is implemented by administrators, directors, agents, and other employees of the said Defendants, *all acting under the color of law*, who chose to violate Plaintiff's constitutional rights, without rightful authority of law . . .." (Compl. ¶ 53.) Furthermore, Defendant UNLV has failed to provide a basis from which the Court could conclude that Plaintiff's Complaint inadequately pleads that the Defendants in this case were acting under color of state law. Therefore, the Court concludes that Plaintiff has adequately pleaded this second element of her section 1983 claim.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Judgment on the Pleadings (ECF No. 14) filed by Defendant The State of Nevada *ex rel.* Board of Regents of the Nevada System of Higher Education is **DENIED.**

**DATED** this 19th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge