UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

SUJANIE V.S.V. GAMAGE aka SUJANIE GAMAGE SAMARASEK,

        Plaintiff,

vs.

THE STATE OF NEVADA *ex rel.* BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of THE UNIVERSITY OF NEVADA, LAS VEGAS; *et.al.*,

        Defendants.

Case No. 2:12–cv–290–GMN–VCF

**REPORT & RECOMMENDATION**

MOTION FOR ATTORNEY'S FEES (ECF NO. 112)

Before the court are the University's motion for attorney's fees (ECF No. 112), former Plaintiff's counsel Jason J. Bach's response (ECF No. 115), and the University's reply (ECF No. 118). For the reasons stated below, the University's motion should be denied.

**I. Background**

In April 2014, this court recommended that Gamage, Plaintiff's counsel Jason J. Bach, and the Bach law firm were each joint and severally liable to the University for $43,623.56 in attorney's fees. (ECF No. 77 at 34) Gamage was found liable under 42 U.S.C. §1988(b)'s fee shifting provision. (*Id.* at 11) Bach and his firm were found liable under 42 U.S.C. §1927. (*Id.* at 20) Specifically, this court noted that Bach and his firm had a history of bringing "students' rights" actions against the Nevada University system. (*Id.*) This action was just the latest in a string of identical lawsuits, all of which were dismissed under the Eleventh Amendment. (*Id.* at 21) The district court adopted this court's attorney's fees recommendation in full. (ECF No. 92)

Gamage and Bach parted ways on appeal.  Gamage retained Jack Juan and Micah Echols of Marquis Aurbach Coffing to appeal the grant of summary judgment against her (ECF No. 61) as well as the fee award pursuant to §1988(b) (ECF No. 95).  On appeal, Bach represented himself as well as the Bach law firm.  (ECF No. 94)   The sole issue in Bach's and his firm's appeal was the propriety of the attorney's fees award under §1927.  (ECF No, 94)

The Ninth Circuit affirmed the grant of summary judgment against Gamage as well as the award of attorney's fees against her.  (ECF No. 100)  The circuit court also affirmed the attorney's award against attorney Bach.  (*Id.*)  Citing the intervening case, *Kaass Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293 (9th Cir. 2015), the circuit court reversed the award of attorney's fee against the Bach law firm.

At the conclusion of appellate proceedings, the University moved for its appellate attorney's fees.  The Ninth Circuit granted the University's motion to transfer the appellate attorney's fees motion to the district court.  (ECF No. 105)  While this motion was pending, Gamage entered into a stipulated consent judgment for her portion of the University's attorney's fees.  (ECF No. 121)  In so far as this motion addresses attorney's fees on appeal against Gamage, those requests should be denied as moot.

The only issue remaining before this court is whether the University may recover from Bach any attorney's fees incurred during the latter's appeal.  After reviewing the parties' arguments, this court concludes that the University may not recover these fees.

**II. Discussion**

"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.

2

"Section 1927 sanctions require a bad faith finding." *West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990). "Bad faith is present when an attorney [or pro se party] knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for purposes of harassing an opponent." *Id.*

In his response, Bach stated that "this case shows a standard appeal, with a normal briefing schedule, oral argument, two citations of supplemental authorities, and a ruling." (ECF No. 115 at 9) The University did not contest Bach's description of the appellate history. (ECF No. 118) A standard appeal, even of an award of attorney's fees based on the vexatious multiplication of proceedings, does not warrant an award of attorney's fees under §1927. *See In re Eisen*, 14 F.3d 469, 471 (9th Cir. 1994) (finding debtor's multiple, frivolous appeals to the district court and circuit court to be sanctionable under §1927); *see also In re Peoro*, 793 F.2d 1048, 1051-52 (9th Cir. 1986) (awarding attorney's fees for the appeal only after finding that the appeal was the latest stage in a litigant's long history of abusing the federal judicial system).

The University does not cite any specific acts of misconduct on appeal. (ECF No. 112 at 8) (Bach's appeal was a "continuation of his reckless conduct and intentional indifference to well established law); (ECF No. 118 at 5) ("A simple review of the table of contents of Bach's briefs demonstrates Bach's continuation of arguments before this Court to the Ninth Circuit.") It instead argues that Bach's appeal was frivolous from the outset because the Ninth Circuit affirmed the attorney's fees award against Bach. (ECF No. 112) This is not the correct standard. A party that loses on appeal was not necessarily acting improperly when it brought the appeal. *See In re Morgan*, No. 3:13-cv-256-RCJ, 2014 WL 3749156 at* 2-3 (D.Nev. Jul. 30, 2014).

The University was required to show, by citing to specific examples, that Bach's appeal unreasonably and vexatiously multiplied the proceedings. *West Coast Theater Corp.*, 897 F.2d at 1528

3

(bad faith shown when the plaintiff proceeded with the litigation despite knowing that its claims lacked factual support and that it had improperly served a defendant). It has not cited to any examples, and this court is not convinced that Bach's conduct on appeal warrants sanctions under §1927. Its request for attorney's fees from Bach for the appeal should be denied.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that the University's motion for attorney's fees (ECF No. 112) be DENIED.

IT IS SO RECOMMENDED.

DATED this 8th day of September, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE